UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.06-80070 Cr MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LEONARD ALLEN, Jr.,
WINFRED LORENZO HUNT,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on a referral from the United States District Court to determine whether each defendant voluntarily waived his Sixth Amendment right to conflict free counsel (D.E. 932). A hearing was held July 11, 2007.

### BACKGROUND

The defendants, Allen and Hunt, were indicted in a multi-defendant federal drug case known as Magnum Force. Specifically the defendant, Hunt, was convicted by a jury with conspiracy to distribute at least 50 grams of cocaine base, 21 U.S.C. Section 841 (a)(1), (b)(1)(A) and 851, possession with intent to distribute at least 50 grams of cocaine base, 21 U.S.C. Section 841 (a)(1), (b)(1)(A) and 851, conspiracy to distribute at least 5 kilograms of cocaine, 21 U.S.C. 841 (a)(1), (b)(1)(A) and 851, conspiracy to distribute at least 500 grams of cocaine, 21 U.S.C. Section 841 (a)(1), (b)(1) (B) and 851, possession with intent to distribute at least 500 grams of cocaine base, 21 U.S.C. Section 841 (a)(1), (b)(1)(B) and 851, and possession with intent to distribute a detectable amount of cocaine,

21 U.S.C. 841 (a)(1), (b)(1)(C) and 851.

The defendant, Allen, was convicted by a jury with conspiracy to distribute at least 50 grams or more of crack cocaine, 21 U.S.C. Section 841 (a)(1) and 851, conspiracy to distribute at least 50 grams or more of crack cocaine, 21 U.S.C. Section 841 (a)(1) and 851, felon in possession of a firearm, 18 U.S.C. Section 922 (g)(1)[1] and conspiracy to distribute at least 50 grams or more of crack cocaine, 21 U.S.C. Section 841 (a)(1) and 851. Each defendant is now serving a sentence of life in prison. At trial both defendants were represented by court appointed counsel. The Defendants are currently appealing their convictions and have independently moved to substitute Mr. John Contini, Esq. and Mr. Craig Trocino, Esq. to represent the two defendants on appeal. The two attorneys are from separate law firms but propose to represent each defendant jointly.

## FINDINGS OF FACT

The undisputed evidence is that the government evidence at trial was based upon a month long wiretap. Based upon the wiretap and other evidence, a traffic stop was conducted on a vehicle and the defendant, Allen, was found to be in possession of narcotics. The wiretap evidence established that both defendants and others participated in a drug distribution conspiracy. The government prosecutor asserts that there was no defense to the evidence against Allen. As for co-defendant Hunt, his trial defense was that his face did not appear on the wiretap and that no one found drugs in his hand. Mr. Hunt

---

[1] The undersigned has examined the Special Verdict (D.E. 733) as well as the Judgment (D.E. 829) and finds there is scriveners error in the Judgment as to Defendant Allen. Specifically, the Judgment reflects, as to Count thirty-seven, that the nature of the offense is "conspiracy to distribute at least 50 grams or more of crack cocaine." The correct nature of the offense is felon in possession of a firearm.

elected to testify to testify in support of this defense but refused to sit for a complete cross examination. He also elected to participate in his own closing argument. According to AUSA Karen Atkinson, there were no antagonistic defenses raised or available. Trial counsel for Hunt, Mr. Gary Kollin, Esq., and new counsel, Mr. Craig Trocino Esq., are familiar with the trial record and neither disagree with AUSA Karen Atkinson's statement as to the nature of the facts presented at trial or her view that there is no apparent actual conflict of interest. Mr. Trocino, Esq., further stated that there is no antagonist defense on appeal.

The defendant, Allen, is a natural born citizen who has completed the tenth grade. He is twenty years of age, alert and intelligent. The defendant, Hunt, is a natural born citizen who has completed the eleventh grade. He is alert and intelligent. Both defendants have been in custody for an extended period of time and deny being under the influence of drugs or alcohol, or under any mental impairment. Both defendants and Mr. Trocino state that they have separately discussed the conflict and Sixth Amendment issues.

The Court explained to the defendants the nature of the proceeding and its significance. The Court explained to each defendant that each had the right to counsel of his choice and effective assistance of counsel. The Court reminded the defendants that if they could not afford counsel at any time it would appoint appellate counsel for the defendant at no charge to him or his family. The Court explained the difference between and actual present conflict of interest and a potential future conflict. The Court presented various scenarios as to how an attorney could be conflicted in providing representation to

two or more defendants at the same time. The defendants each responded to the Court's inquiry with clear an unequivocal statements. Both defendants were afforded an opportunity to speak with their attorneys and directly with the court throughout the proceedings. Both defendants assert that it is their own individual desire that each be represented by both Mr. Trocino, Esq. and Mr. Contini, Esq. Both defendants knowingly, intelligently and voluntarily waived his right to conflict-free assistance of counsel.

## LEGAL ANALYSIS

Rule 44 (c), Fed. R. Cri. P., requires the court to conduct a prompt inquiry into potential conflicts of interest and to advise each defendant of the right to separate representation where there is a joint representation. This rule requires the court to take action to protect each defendant's right to effective assistance of counsel as guaranteed by the Sixth Amendment unless the court has "good cause to believe that no conflict of interest is likely to arise." Concurrent representation is not a *per se* violation of the Sixth Amendment. A defendant may waive any right to conflict-free assistance of counsel if the waiver is knowing and intelligent. Duncan v. Alabama, 881 F. 2d 1013 (11th Cir. 1989). Where there is a showing of an actual conflict of interest or a showing of a serious potential for conflict, the Court may refuse to accept a waiver. United States v. Register, 182 F.3d 820 (11th Cir. 1999), cert. denied, 531 U.S. 849 (2000). In order for a waiver of conflict to be knowing and intelligent, it must be shown that the defendant is aware that a conflict exists or could exist; that there are consequences to his defense in continuing under the onus of the conflict; and that he has a right to other counsel. United States v. Garcia, 447 F. 3d 1327 (11th Cir. 2006).

4

Based upon the record, the Court finds that each Defendant, Allen and Hunt, have knowingly, intelligently, and voluntarily waived his Sixth Amendment right to conflict-free counsel.

Accordingly, it is the **RECOMMENDATION** of the undersigned that:

1) The Defendant Leonard Allen, Jr. And Winfred Lorenzo Hunt be permitted to proceed on appeal with the joint representation of both Mr. Contini Esq., and Mr. Trocino Esq.

2) That the United States District Court enter an Amended Judgment as to Defendant Leonard Allen, Jr. Correcting the scriveners error describing the nature of the offense as it relates to Count thirty-seven so as to correctly reflect "felon in possession. of a firearm."

The parties have Ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED,** this July 13, 2007, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   The Honorable Donald M. Middlebrooks

AUSA Karen Atkinson
Mr. Gary Kollin. Esq.
Mr. John Contini, Esq.
Mr. Craig Trocino, Esq.